IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **WARFIELD HISTORIC** | ) | **Case Nos. 24-12500; 24-12506;** |
| **PROPERTIES, LLC,** *et al.* | ) | **24-12504; 24-12508; 24-12511** |
| | ) | |
| Debtors. | ) | **(Jointly Administered Under** |
| | ) | **Chapter 11 Case No. 24-12500)** |
| | ) | |
| **WARFIELD HISTORIC** | ) | |
| **PROPERTIES, LLC,** *et al.* | ) | |
| | ) | |
| | ) | **Adversary No. 25-00042-LSS** |
| Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **TOWN OF SYKESVILLE** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO ADVERSARY PROCEEDING COUNTERCLAIM

Plaintiffs/Counter-Defendants Warfield Historic Properties, LLC and Warfield Historic Quad, LLC ("Plaintiffs/Counter-Defendants"), by and through undersigned counsel, file this answer to Defendant Town of Sykesville's Counterclaim, and state as follows:

1.      Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 1.

2.      Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 2.

3.      The allegations set forth in paragraph 3 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

4.      The allegations set forth in paragraph 4 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

1

5.      Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 5.

6.      In response to the allegations set forth in paragraph 6, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 6.

7.      In response to the allegations set forth in paragraph 7, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 7.

8.      In response to the allegations set forth in paragraph 8, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 8.

9.      In response to the allegations set forth in paragraph 9, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 9.

10.      In response to the allegations set forth in paragraph 10, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 10.

11.      In response to the allegations set forth in paragraph 11, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 11.

12.      In response to the allegations set forth in paragraph 12, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 12.

13.     In response to the allegations set forth in paragraph 13, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 13.

14.     In response to the allegations set forth in paragraph 14, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 14.

15.     In response to the allegations set forth in paragraph 15, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 15.

16.     In response to the allegations set forth in paragraph 16, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 16.

17.     In response to the allegations set forth in paragraph 17, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 17.

18.     In response to the allegations set forth in paragraph 18, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 18.

19.     In response to the allegations set forth in paragraph 19, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 19.

20.     In response to the allegations set forth in paragraph 20, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 20.

21.     In response to the allegations set forth in paragraph 21, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 21.

22.     In response to the allegations set forth in paragraph 22, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 22.

23.     In response to the allegations set forth in paragraph 23, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 23.

24.     In response to the allegations set forth in paragraph 24, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 24.

25.     In response to the allegations set forth in paragraph 25, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 25.

26.     In response to the allegations set forth in paragraph 26, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 26.

27.     In response to the allegations set forth in paragraph 27, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is

required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 27.

28.     In response to the allegations set forth in paragraph 28, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 28.

29.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 29.

30.     In response to the allegations set forth in paragraph 30, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 30.

31.     In response to the allegations set forth in paragraph 31, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 31.

32.     In response to the allegations set forth in paragraph 32, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 32.

33.     In response to the allegations set forth in paragraph 33, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 33.

34.     In response to the allegations set forth in paragraph 34, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 34.

35.     In response to the allegations set forth in paragraph 35, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in

paragraph 35.

36.     Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 36.

37.     Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 37.

38.     Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 38.

39.     In response to the allegations set forth in paragraph 39, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 39.

40.     Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 40.

41.     In response to the allegations set forth in paragraph 41, Plaintiffs refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs deny all other allegations set forth in paragraph 41.

42.     Plaintiffs/Counter-Defendants admit that Certificate(s) of Completion were not submitted. Plaintiffs/Counter-Defendants deny the remaining allegations set forth in paragraph 42.

43.     In response to the allegations set forth in paragraph 43, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 43.

44.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 44.

45.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 45.

46.     Plaintiffs/Counter-Defendants admit the allegation in paragraph 46 that one condominium unit, Unit 9, as well as Unit 9-1, were sold and were not subject to the Reversion

Agreement. Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 46.

47.     In response to the allegations set forth in paragraph 47, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 47.

48.     In response to the allegations set forth in paragraph 48, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 48.

49.     In response to the allegations set forth in paragraph 49, Plaintiffs/Counter-Defendants refer to the documents, which speak for themselves. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 49.

50.     Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 50.

51.     Plaintiffs/Counter-Defendants admit that they did not deliver special warranty deeds conveying all of Plaintiffs/Counter-Defendants' right, title, and interest in and to the units within 10 days after receipt of that letter. Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 51.

52.     In response to the allegations set forth in paragraph 52, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 52.

53.     Plaintiffs/Counter-Defendants admit that they did not deliver special warranty deeds conveying all of Plaintiffs/Counter-Defendants' right, title, and interest in and to the units within 10 days after receipt of that letter. Plaintiffs/Counter-Defendants deny all other allegations

set forth in paragraph 53.

54.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 54.

55.     In response to the allegations set forth in paragraph 55, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 55.

56.     Paragraph 56 does not require an admission or denial.

57.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 57.

58.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 58.

59.     Plaintiffs/Counter-Defendants admit that they did not deliver a special warranty deed conveying all right, title, and interest in and to the Units to the Town within 10 days after receipt of the notice from the Town. Plaintiffs deny all other allegations set forth in paragraph 59.

60.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 60.

61.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 61.

62.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 62.

63.     In response to the allegations set forth in paragraph 63, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 63.

64.     In response to the allegations set forth in paragraph 64, Plaintiffs/Counter-Defendants refer to the document, which speaks for itself. To the extent that a further response is required, Plaintiffs/Counter-Defendants deny all other allegations set forth in paragraph 64.

65.     Plaintiffs/Counter-Defendants admit the allegations set forth in paragraph 65.

66.     Plaintiffs/Counter-Defendants deny the allegations set forth in paragraph 66.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Town's Counterclaim fails to state a claim upon which relief can be granted.

2.      The Town's claims are barred in whole or in part by the doctrine of estoppel.

3.      The Town's claims are barred in whole or in part by the doctrine of release.

4.      The Town's claims are barred in whole or in part by the doctrine of waiver.

5.      The Town's claims are barred in whole or in part by accord and satisfaction.

6.      The Town's claims are barred in whole or in part by failure of consideration.

7.      The Town's claims are barred in whole or in part by fraud.

8.      The Town's claims are barred in whole or in part by the doctrine of unclean hands.

9.      The Town's claims are barred in whole or in part by the doctrine of frustration of purpose.

10.     The Town's claims are barred, in whole or in part, by the applicable statute of limitations.

11.     The Town's claims are barred, in whole or in part, by laches.

12.     The Town's claims are barred, in whole or in part, by the doctrine of force majeure.

13.     The Town's claims are barred, in whole or in part, by its breach of contract.

14.     Without conceding that the Town has suffered any damage as a result of any alleged wrongdoing, the Town has filed to mitigate or minimize such alleged damages.

15.     Plaintiffs/Counter-Defendants reserve the right to assert other affirmative defenses as appropriate.

WHEREFORE, Plaintiffs/Counter-Defendants Warfield Historic Properties, LLC and Warfield Historic Quad, LLC deny liability, demand judgment in their favor, and request attorneys' fees, costs, and such  other relief that the Court deems appropriate.

Respectfully submitted,

/s/_____
Timothy F. Maloney (Bar No. 03381)
Alyse L. Prawde (Bar No. 14676)
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 207702
(301) 220-2200 (telephone)
tmaloney@jgllaw.com
aprawde@jgllaw.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of May, 2025, a copy of the foregoing was filed via this court's CM/ECF filing system and electronically served on all parties of record.

/s/_____
Alyse L. Prawde